FILED

2008 Mar-17  AM 11:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMIE KOHSER MARKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **U.S. SECURITY ASSOCIATES, INC.** | ) | |
| **and CHRIS HARGROVE, individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

# COMPLAINT

---

## JURISDICTION AND VENUE

1.    This is a complaint for legal and equitable relief to redress violations by the defendants of the plaintiff's rights secured by:

    a)    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; and

    b)    the laws of the State of Alabama.

2.    Federal subject matter jurisdiction exists pursuant to:

    a)    28 U.S.C. §§ 1331, 1367; and

    (b)    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, **et seq.**;

## PARTIES

3.    Plaintiff, Jamie Kohser Marks ("Plaintiff"), is a resident of  Jefferson
      County, Alabama, and is over the age of nineteen.  Marks was
      employed by U.S. Security Associates, Inc. In Birmingham, Alabama
      when the actions of which she complains took place.

4.    Defendant, U.S. Security Associates, Inc. is a corporation organized
      pursuant to the laws of the State of Georgia.  At all times relevant to
      this Complaint, U.S. Security Associates, Inc. was doing business in
      Jefferson County, Alabama. Defendant employs at least fifteen (15)
      persons within the meaning of Title VII, 42 U.S.C. § 2000e(b) at all
      relevant times herein.

5.    Defendant, Chris Hargrove ("Hargrove"), at all times relevant was a
      manager of  U.S. Security Associates, Inc. and is subject to the
      jurisdiction of this Court.

## NATURE OF ACTION

6.    Plaintiff  brings this action against U.S. Security Associates, Inc. for
      unlawful employment practices and acts of intentional gender
      discrimination, sexual harassment and retaliation that occurred during

her employment with  U.S. Security Associates, Inc.  This lawsuit also alleges a state law claim of negligent hiring, training, supervision and retention under Alabama law.  Jurisdiction over plaintiff's claim based on Alabama law exists under the doctrine of supplemental jurisdiction, 28, U.S. C. §1367.

7.    Plaintiff brings this action of state law violations of assault and battery, outrage and invasion of privacy against Chris Hargrove.

8.    Plaintiff seeks compensatory and punitive damages to which she is entitled and attorneys' fees and costs.

## ADMINISTRATIVE PROCEDURES

9.    On February 6, 2007, within 180 days of learning of the acts of discrimination of which Plaintiff complains, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission, ("EEOC").  (Attached herein as Exhibit A.)  On April 12, 2007 Plaintiff filed a second charge of discrimination with the EEOC.  (Attached herein as Exhibit B).   Plaintiff, at the expiration of 180 days of both charges pending with the EEOC requested the EEOC to issue a Right to Sue.  (Attached herein asa Exhibit C).  Despite repeated request, the EEOC has failed or refused to issue Plaintiff a Right to Sue.

10.    All prerequisites for bringing this action have been met.

## STATEMENT OF FACTS

11.    Plaintiff began employment with U.S. Security Associates, Inc in

March 2006 as a security guard until she promoted to supervisor,

supervising 10-15 guards on a weekly basis.  Plaintiff's direct

supervisor was Melissa Rodriguez, operations manager for the

Birmingham location of U.S. Securities.

12.    Plaintiff and Rodriguez reported to Chris Hargrove, District Manager.

From the time of her interview and hire, Mr. Hargrove began sexually

harassing plaintiff by repeatedly touching or grabbing her physically

on her breast and buttocks, propositioning her repeatedly for various

sex acts, and masturbating in front of her in the work place.

13.    When Plaintiff complained to her supervisor about Hargrove's

harassment she was told she would have to sign a statement or be

terminated and that no one would believe her allegations.  Plaintiff

signed a statement under duress and fear in that she was told by

Hargrove that if she did not sign the statement she would be fired and

that he would make sure she did not get a job anywhere else.

Hargrove constantly bragged about his contacts in the Birmingham

workplace as well as knowing people who could inflict bodily injury.

14.    Despite, Plaintiff's complaints  Hargrove continued his attempts at touching the Plaintiff on her body against her will and asking Plaintiff for sexual intercourse and oral sex.  When Plaintiff would emphatically deny Hargrove's request he would masturbate in front of Plaintiff and require her to watch him complete the act.

15.    Hargrove would follow Plaintiff to the file room where he sexually harassed her and touched her body against her will.  Because of the location of the room co-workers could not see what Hargrove was doing to the plaintiff in the file room.

16.    Hargrove would also repeatedly ask Plaintiff to watch pornographic movies with him at the office and when Plaintiff would refuse, Hargrove kept pornographic movies in the workplace and would play the movie and manipulate his unclothed genitals in full view of the Plaintiff.   At times, Hargrove would stand at Plaintiff's desk within inches from her face and masturbate.  At all times, Plaintiff repeatedly told Hargrove to leave her alone but to no avail. Instead, Hargrove would laugh and increase his perverse actions against the plaintiff.

17.    Further,  Plaintiff repeatedly told  Hargrove not to touch her and complained about his repeated acts of touching and  sexual

harassment.  Plaintiff reported the repeated acts of sexual harassment to her immediate manager, Melissa Rodriguez.  Rodriguez told Plaintiff that she had believed her when she initially complained but could do nothing about Plaintiff's complaints because Hargrove was her boss.

18.  Rodriguez told plaintiff that other female employees had also complained about Hargrove sexually harassing them, but that she had never actually caught Hargrove in the act of sexually harassing any of the women.  Rodriguez told Plaintiff she would need actual proof to do anything to Hargrove.

19.  Plaintiff informed Rodriguez that each and every time she was alone with Hargrove, he subjected her to sexual harassment and requested various acts of sexual intimacy.

20.  Again, Rodriguez informed plaintiff that even though others had complained about Hargrove doing the same thing to them, she could do nothing unless she actually witnessed Hargrove sexually harassing the plaintiff.  Rodriguez informed the plaintiff that there was nothing she nor plaintiff could do.

21.  Plaintiff told Rodriguez that all she had to do was leave the office and walk back in within a few minutes since Hargrove was constantly

propositioning Plaintiff when Rodriguez left the room.

22.     Rodriguez told the plaintiff that she would arrange to be absent from
the office to see if Hargrove would proposition Plaintiff.  Rodriguez
told Plaintiff that if she caught Hargrove sexually harassing her, then
she would have Hargrove terminated and removed from the workplace
so Plaintiff would not be subjected to his continual harassment.

23.     Rodriguez also set up a recorder in the workplace to record Hargrove
when she left the office to see if he was sexually harassing the
plaintiff.

24.     As predicted by Plaintiff's numerous complaints, as soon as
Rodriguez left the workplace, Hargrove approached Plaintiff and
requested oral sex.  Plaintiff had preprogrammed Rodriguez's cell
phone number and immediately dialed her cell phone that was
concealed under her desk to summon  Rodriguez.

25.      Rodriguez immediately walked back in the office and caught
Hargrove manipulating his genitals with his pants down in front of
Plaintiff's desk.

26.      Rodriguez became upset with Hargrove and started yelling at him.
Rodriguez instructed Plaintiff to immediately leave the building.

27.     Plaintiff, as instructed, left the building and did not report back to

work until the next day.   Later, Rodriguez informed Plaintiff that Hargrove had been terminated.

28. However, two days later, Hargrove was back in the workplace as Plaintiff's direct supervisor and Plaintiff was made to continue working with Hargrove.

29. Plaintiff complained that she was uncomfortable working with Hargrove and that Hargrove should be removed from the workplace. Plaintiff was told that if she took the matter further, it would be something that followed Plaintiff in her personnel file after she left U.S. Securities.  Plaintiff was told that she needed to drop her complaint and not take it any further.

30. Plaintiff immediately became afraid for her safety, job,  and her ability to provide for her family as well as advance within the company.

31. Plaintiff filed her EEOC charge and immediately after filing her EEOC charge Plaintiff was subjected to ongoing retaliation and harassment.

32. Specifically, Plaintiff was threatened with termination, cursed and yelled at, her work hours and  pay were changed.  Plaintiff initially had her hours diminished resulting in a financial hardship for her and her family.  When plaintiff complained about the lack of work hours

she was being assigned, Hargrove then required the plaintiff to work ten days without a day off resulting in over 30 hours of overtime in a single week.  However, Hargrove held Plaintiff's pay check and would not pay her for the time she had worked.

33.   Further, Plaintiff's supervisor, Rodriguez was made to sign a false statement by Hargrove that Plaintiff had lied, but when the corporate office investigated Plaintiff's complaints against Hargrove, Rodriguez told the truth that Plaintiff as well as Rodriguez had been sexually harassed by Hargrove.

34.   Despite this notice of Hargrove's outrageous propensity to sexually harass and demean female employees U.S. Security, Inc. failed and refused to discipline Hargrove but left him to retaliate and harass Plaintiff and other female employees.

35.   Plaintiff was caused to continue working in the  hostile environment and was undermined in her authority and ability to work.  Hargrove would often call guards that worked under Plaintiff's supervision and tell them not to show up for work, knowing that Plaintiff would have to cover the guard's position at the last minute, creating a hardship for her to cover the shift and perform her normal duties of supervisor.

36.    Plaintiff was set up for failure to terminate her employment and her

complaints for help were ignored.  Plaintiff was left with no choice but to resign her employment from U.S. Securities.

37.  Thereafter, despite Plaintiff's best endeavors, she was unable to find other employment because Chris Hargrove called potential employers in the security industry in Birmingham and told them not to hire the plaintiff.  Plaintiff eventually found other employment with a smaller firm making significant less money.

38.  The only reason Hargrove placed calls to Plaintiff's potential employers was in retaliation for Plaintiff filing an EEOC charge against him for sexually harassment.

## COUNT ONE

### SEXUAL HARASSMENT

39.  This is a claim against Defendant  U.S. Security Associates, Inc. arising under Title VII of the Civil Rights Act of 1964, as amended, prohibiting sexual harassment in the workplace.

40.  The conduct of the defendants alleged herein violates Title VII because plaintiff was required to work in a sexually hostile environment which was tainted by impermissible request for sexual favors and a perverse hostile environment based on sex, which included Plaintiff being subjected to repeated sexual harassment and intimidation over a period

of time by Defendant, Chris Hargrove.

41.   Plaintiff is female and a member of a protected group.

42.   Plaintiff did not welcome the sexual misconduct and hostile work environment  created by Defendant, Chris Hargrove

43.   Defendant Hargrove  subjected the plaintiff to repeated sexual harassment and intimidation causing the plaintiff's work environment to be permeated with discriminatory conduct, ridicule, and insult that altered her work conditions, pay and benefits.

44.   Defendant Hargrove touched the Plaintiff inappropriately and such touching was unwelcome.  Hargrove made inappropriate comments to the Plaintiff.  The touching and comments continued on a daily basis and many times throughout the day.

45.    Plaintiff repeatedly told Hargrove to stop touching her, but no matter how many times Plaintiff told him to stop, Hargrove continued.  When other co-workers were not around, Hargrove would fondle Plaintiff's breasts, buttocks and legs by running his hands up and down her legs. Hargrove would attempt to hug Plaintiff around her chest area or try and kiss her on her mouth.

46.   Almost daily, Hargrove followed Plaintiff to the file room where he sexually harassed her because co-workers could not see Hargrove in

the file room.  Hargrove would attempt to touch the Plaintiff and ask her for sexual favors.  Hargrove would ask Plaintiff to watch pornographic movies with him at the office and when Plaintiff would refuse, Hargrove would play the movie and manipulate his genitals in full view of the Plaintiff.   At all times, Plaintiff repeatedly told Hargrove to leave her alone but to no avail.

47.   When Plaintiff complained to her supervisor about Hargrove's harassment she was told she would have to sign a statement or be terminated and that no one would believe her anyway.  Plaintiff initially signed a statement under duress and fear in that she was told by Hargrove that if she did not sign the statement she would be fired and that he would make sure she did not get a job anywhere else. Hargrove constantly bragged about his contacts in the Birmingham workplace as well as knowing people who could inflict bodily injury. Plaintiff was in fear for her safety.

48.    Despite, Plaintiff's complaints  Hargrove continued touching the plaintiff and asking her for sexual favors including sexual intercourse and oral sex.  When Plaintiff would emphatically deny Hargrove's request he would masturbate in front of Plaintiff and require her to watch him.

49. Plaintiff complained to her supervisor and nothing was done to correct or discipline Hargrove.

50. Such unlawful employment practices proximately caused plaintiff to suffer severe emotional distress, mental anguish, embarrassment, humiliation, shame and trauma for which she claims damages.

51. Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT TWO

## GENDER DISCRIMINATION

52. The Plaintiff, Jamie Marks, re-alleges and incorporates by reference paragraphs 1 through 51 with the same force and effect as if fully set out in specific detail herein below.

53. Plaintiff has been discriminated against on the basis of her sex in regard to training , promotion, job assignments, job pay and terms and conditions of employment, in violation of Title VII, 42 U.S.C. §2000e, et seq.   The plaintiff has been discriminated and harassed because of her sex and has been subjected to unequal treatment.  Further, the

plaintiff has been subjected to a hostile environment because of her gender.

54.   Such unlawful employment practices proximately caused plaintiff to suffer severe emotional distress, mental anguish, embarrassment, humiliation, shame and trauma for which she claims damages.

55.   Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT THREE

## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

56.   The Plaintiff, Jamie Marks, re-alleges and incorporates by reference paragraphs 1 through 55 with the same force and effect as if fully set out in specific detail herein below.

57.   This is a claim arising under the laws of the State of Alabama to redress the negligent hiring, training, supervision and retention of Defendant, Chris Hargrove by U.S. Security Associates, Inc.

58.   U.S. Security Associates, Inc. had a duty to provide the plaintiff with a reasonably safe work environment.

59.    Plaintiff reported the sexual harassment to her immediate supervisor, Rodriguez.

60.   After Plaintiff complained to her supervisor, Ms. Rodriguez, Hargrove continued touching her and subjecting her to repeated sexual harassment.

61.   Defendant U.S. Security Associates, Inc. failed to establish an adequate policy against sexual harassment, failed to implement such policy consistently, and failed to regularly and clearly communicate such policy to its agents and employees.

62.   U.S. Security Associates, Inc. failed to educate and train its agents and employees on sexual harassment.

63.   As a proximate result of the defendants' conduct proximately caused the plaintiff to suffer embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

64.   Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

**COUNT FOUR**

**RETALIATION**

65.   The Plaintiff, Jamie Marks, re-alleges and incorporates by reference paragraphs 1 through 64 with the same force and effect as if fully set out in specific detail herein below.

66.   There existed an employer-employee relationship between the plaintiff and Defendant.

67.   Plaintiff exercised her statutory rights under Title VII by complaining to Defendant about the sexual harassment and hostile work environment, and thus was subjected to intentional retaliation by Defendant.

68.   The defendants' conduct proximately caused the plaintiff to suffer embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

69.   Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT FIVE

### INVASION OF PRIVACY

70.   The Plaintiff, Jamie Marks, re-alleges and incorporates by reference paragraphs 1 through 69 with the same force and effect as if fully set out

in specific detail herein below.

71. This is a claim against Defendant Hargrove for the invasion of Plaintiff's right to privacy based on the laws of the State of Alabama.

72. Defendant Hargrove invaded the plaintiff's personal and emotional sanctum by physically touching the plaintiff repeatedly after being told to stop.

73. Defendant Hargrove fondled Plaintiff's breasts, buttocks and legs by running his hands up and down her body against the plaintiff's will and without her express authority or permission.

74. Further Hargrove repeatedly asked the plaintiff for sexual favors including sexual intercourse and oral sex.  Hargrove requested the plaintiff watch pornographic movies with him in the workplace and would masturbate in front of the plaintiff and often within inches of her face while plaintiff was at work.  Hargrove was Plaintiff's manager and was made to tolerate Hargrove's perverted actions to maintain her job.

75. The defendant's conduct proximately caused the plaintiff to suffer embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

76. Plaintiff seeks declaratory and injunctive relief, award of compensatory

and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT SIX

### ASSAULT AND BATTERY

77.   The Plaintiff, Jamie Marks, re-alleges and incorporates by reference paragraphs 1 through 51 with the same force and effect as if fully set out in specific detail herein below.

78.    This is a claim against Defendant Hargrove arising under the laws of the State of Alabama for assault and battery.

79.   Defendant Hargrove did commit assault and battery of the plaintiff by touching her breasts, buttocks and legs in rudeness and in a hostile manner.  This unwelcome touching made the Plaintiff feel uncomfortable as well as personally violated.

80.   This conduct was committed while Hargrove was acting within the line and scope of his authority as the Plaintiff's direct manager and while acting as and agent and employee of U.S. Security Associates, Inc.

81.   U.S. Security Associates, Inc., as Defendant Hargrove's employer, had notice of the action and failed to take proper disciplinary or corrective action.

82.   The defendants' conduct proximately caused the plaintiff to suffer embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

83.   Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT SEVEN

## TORT OF OUTRAGE

84.   The Plaintiff, Jamie Marks, re-alleges and incorporates by reference paragraphs 1 through 51 with the same force and effect as if fully set out in specific detail herein below.

85.    This is a claim against all defendants arising under the laws of the State of Alabama prohibiting the intentional infliction of emotional distress.

86.   The conduct of the defendant, Don Hargrove, as aforesaid, was extreme, outrageous and beyond the bounds of decency.

87.   Such conduct is not condoned by society and should not go unpunished.

88.   The conduct of defendant, Hargrove, as aforesaid, created a hostile work

environment that was unwelcome by the Plaintiff.

89.     The repeated sexual advances and offensive touching by Hargrove and the subsequent ratification by Defendants U.S. Security Associates, Inc. altered the plaintiff's work environment.

90.     The defendants' conduct proximately caused the plaintiff to suffer embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

91.     Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

**WHEREFORE**, the plaintiff respectfully requests this Court:

A.      Permanently enjoin defendants U.S. Security Associates, Inc. and Chris Hargrove from engaging further in their discriminatory treatment of female employees similarly situated;

B.      Order U.S. Security Associates, Inc. their agents, owners and employees to institute and carry out policies, practices and programs which provide equal employment opportunities for women and which eradicates the effects of its past and present unlawful employment practices, including implementing a consistent policy against sexual harassment in the work place;

C. Order U.S. Security Associates, Inc., their agents, owners and employees to make whole plaintiff providing appropriate front pay, back pay and other monetary relief as may be available to her, including damages for her mental and emotional distress, embarrassment, humiliation and trauma;

D. Award plaintiff compensatory and punitive damages under the laws of the State of Alabama and the Constitution of the United States;

E. Award plaintiff her costs and expenses herein, including reasonable attorney's fees, where applicable; and

F. Award such other and further relief which this Court deems appropriate under the circumstances.

Respectfully submitted,

_____
Alicia K. Haynes ASB-8237-E23A
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama   35226
(205) 879-0377

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

_____
Alicia K. Haynes

## PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:

**<u>DEFENDANT'S ADDRESS:</u>**

U.S. Security Associates, Inc
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Chris Hargrove