IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMIE KOHSER MARKS, | ] |
| | ] |
|    Plaintiff, | ] |
| | ] |
| v. | ]   CV-08-BE-0459-S |
| | ] |
| U.S. SECURITY ASSOCIATES, INC. | ] |
| and CHRIS HARGROVE, | ] |
| | ] |
|    Defendants. | ] |

## MEMORANDUM OPINION

This case comes before the court on Plaintiff's "Motion for Reinstatement and Immediate Injunctive Relief" (doc. 221).  Ms. Marks asserts that she is entitled to reinstatement or front pay as a result of U.S. Security Associates, Inc.'s discrimination and retaliation.  Plaintiff and Defendant U.S. Security Associates, Inc. have fully briefed the motion.  Having considered the submissions and the applicable law, the court DENIES the motion.

As to Ms. Marks' motion for reinstatement, the court finds that Ms. Marks is not entitled to this form of relief because she waived any claim for reinstatement.  First, Ms. Marks failed to request reinstatement in the parties' proposed pretrial order; therefore, the pretrial order did not contain Ms. Marks' reinstatement request.  The pretrial order controls the course of the action unless the court modifies the order "to prevent manifest injustice." Fed. R. Civ. P. 16(d),(e).  In this case, the court did not modify the pretrial order.  Accordingly, Ms. Marks may not at this late date insert a request for reinstatement into the course of proceedings outlined by the pretrial order.

Second, in Exhibit A to the pretrial order, the court ordered the parties to "file and serve a list *itemizing all damages and equitable relief* being claimed or sought." In Ms. Marks' damages list for trial (doc. 156), she did not request reinstatement. Although she generally claimed "all injunctive and equitable relief to which she is entitled under the law and as previously asserted in her complaint and pretrial position," she failed to specifically itemize a claim for reinstatement; thus, she waived that claim. Having waived her claim for reinstatement, the court denies Ms. Marks' motion as to reinstatement.

Ms. Marks' claim for front pay is also due to be denied. Ms. Marks cannot recover front pay because she admittedly removed herself from the job market, one month after she was constructively discharged from U.S. Security Associates, Inc., because of pregnancy complications and to give birth to and care for her child. The purpose of "front pay" is to make a successful plaintiff whole even after she has been awarded back pay from the date of the unlawful employment action to the date of trial. *See Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1162 n. 31 (11th Cir. 2002). However, unlike the plaintiff in *Brochu*, Ms. Marks did not receive an award of back pay that covered the dates from her constructive discharge until the date of trial; rather, she only received back pay for the one month she did not work before she left the job market. Ms. Marks will be made whole when she receives her back pay award for the one month she would have been working after her constructive discharge from U.S. Security Associates, Inc. As such, she is not entitled to an award of front pay because, regardless of the Defendants' actions, she would not have been working after she had to leave the job market because of her complicated pregnancy.

For the reasons stated above, the court DENIES Plaintiff's motion for reinstatement and

front pay.  The court will simultaneously enter a separate order to that effect.

DONE and ORDERED this 13th day of May, 2010.

                                                                  _____
                                                                  KARON OWEN BOWDRE
                                                                  UNITED STATES DISTRICT JUDGE